UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| WALTER G. HAYDEN, JR., <br><br> Plaintiff, <br><br> v. <br><br> CALI KNIGHT; GAIL STONE; MICHAEL PADILLA; CLAUDIA BALDUCCI; ROD DEMBOWSKI; ZAHILAY GIRMAY; AMY CALDERWOOD; LUKE OH; JONATHAN STIER; and BRUCE HARRELL, <br><br> Defendants. | CASE NO. 2:23-cv-00754-JHC <br><br> ORDER DISMISSING AMENDED COMPLAINT |

This matter comes before the Court on Plaintiff Walter G. Hayden, Jr.'s motion requesting service (Dkt. # 7) and to address, sua sponte, deficiencies with Plaintiff's amended complaint (Dkt. # 6). The motion is noted for June 16, 2023, but no defendants have appeared in the matter thus far, and there is no reason for the Court to wait further to rule on it.

A.   Amended Complaint

The Court liberally construes pleadings filed by pro se litigants and holds them "to less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). That said, "courts should not have to serve as advocates for pro se litigants." *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987). District courts should "not supply essential

ORDER DISMISSING AMENDED COMPLAINT - 1

elements of the claim that were not initially pled." *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting *Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).  Pro se pleadings "must meet some minimum threshold in providing a defendant with notice of what it is that it allegedly did wrong." *Brazil v. U.S. Dep't of the Navy*, 66 F.3d 193, 199 (9th Cir. 1995).  "[I]t is axiomatic that pro se litigants, whatever their ability level, are subject to the same procedural requirements as other litigants." *Munoz v. United States*, 28 F.4th 973, 978 (9th Cir. 2022).

On May 23, 2023, Plaintiff, proceeding pro se and *in forma pauperis* (IFP), filed his complaint.  Dkt. ## 4, 5.  The next day, Plaintiff filed an amended complaint (AC).  Dkt. # 6.  The Court has examined Plaintiff's AC and finds that it does not meet the requirements of Federal Rule of Civil Procedure 8(a).  A complaint must contain, among other things, "a short and plain statement of the claim showing that the [plaintiff] is entitled to relief."  Fed. R. Civ. P. 8(a).  The AC does not include a short and plain statement of Plaintiff's claims.  Plaintiff brings a claim under 42 U.S.C. § 1983 against 10 local officials.  *See* Dkt. # 6 at 1.  The basis of his claim is the "malfeasance tort," and he alleges that Defendants violated his rights contained in Article III, Section 2 and Article I, Section 8 of the U.S. Constitution.  *Id.* at 1, 4.  The Court has struggled to comprehend the 74 pages of the AC.  Plaintiff's Section 1983 claim includes a range of factual allegations that are difficult to follow, references to the King County Code of Ethics, which do not seem to bear on the allegations, and vague constitutional references.  *See, e.g.*, *id.* at 10–12, 16, 18, 46, 47, 57, 64, 66.  In short, the exact contours of Plaintiff's § 1983 claim remain unclear.  *See generally* Dkt. # 6.  While the Court is aware of its obligation to liberally construe the pleadings of pro se litigants, it is also mindful of the requirement that pleadings contain sufficient detail to give defendants notice of the claims against them.  *See Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011) ("[T]o be entitled to the presumption of truth, allegations in

ORDER DISMISSING AMENDED COMPLAINT - 2

a complaint . . . must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively.").

This case resembles a case Plaintiff filed in this Court in November 2022. *See Hayden v. Knight*, No. 2:22-CV-01527-JHC, 2023 WL 2138345 (W.D. Wash. Feb. 21, 2023). Both cases share the same group of 10 defendants. *Compare id.*, *with* Dkt. # 1. And in both cases, Plaintiff purported to assert his Section 1983 claims based on Article III, Section 2 and Article I, Section 8 of the U.S. Constitution. *See id.* On February 21, 2023, this Court dismissed without prejudice Plaintiff's claims against the King County defendants—a group consisting of all defendants except for Bruce Harrell, the Mayor of Seattle. *Hayden*, 2023 WL 2138345. The Court did not "see how Plaintiff is asserting a legally cognizable claim under section 1983." *Id.* at *1. Plaintiff then filed five pleadings, which appeared to be amendments to the original complaint. *See generally* Dkt., No. 2:22-CV-01527-JHC. On April 14, 2023, the Court again dismissed without prejudice Plaintiff's claims against the King County defendants. *Hayden v. Knight*, 2023 WL 2955279, at *1 (W.D. Wash. Apr. 14, 2023). The Court reasoned that it could not discern any cognizable legal theory supporting a claim against the King County defendants. *Id.* at *1. And on April 21, 2023, the Court issued a similar ruling, dismissing without prejudice Plaintiff's claims against Bruce Harrell for lack of a viable cause of action. *Hayden v. Knight*, 2023 WL 3045751, at *1 (W.D. Wash. Apr. 21, 2023) (explaining that "there is no Section 1983 cause of action for a violation of Article I, Section 8, Article III, Section 1, or Article II, Section 2 of the United States Constitution"). For each April 2023 order, the Court did not grant Plaintiff leave to amend. *Id.*; *Hayden*, 2023 WL 2955279.

The Court emphasizes that Federal Rule of Civil Procedure 8(a)(2) requires a complaint to be "short and plain." Fed. R. Civ. P. 8(a)(2). And the Court cautions that it expects compliance with the applicable law and procedural rules, including the Federal Rules of Civil

ORDER DISMISSING AMENDED COMPLAINT - 3

Procedure. But recognizing that pro se litigants are "far more prone to making errors in pleading than the person who benefits from the representation of counsel," *Noll*, 809 F.2d at 1448, the Court will grant Plaintiff another opportunity to remedy the complaint's deficiencies. The Court therefore dismisses without prejudice Plaintiff's AC (Dkt. # 6) and grants Plaintiff leave to file an amended complaint, which must be titled "Second Amended Complaint." The Second Amended Complaint must include: (1) a short and plain statement of the grounds for the Court's jurisdiction; (2) **a short and plain statement of the specific legal claims being raised**; and (3) a demand for the relief sought. *See* Fed. R. Civ. Proc. 8. Plaintiff must include all anticipated defendants and identify which claim pertain to which defendant. The Court urges Plaintiff to consult the Court's online resources available for pro se litigants.[1] Plaintiff must file his Second Amended Complaint by no later than June 29, 2023. Plaintiff's failure to file a Second Amended Complaint that conforms to Federal Rule of Civil Procedure 8(a) will affect the status of this case, including dismissal of the action.

B.  Motion Requesting Service

When an IFP plaintiff so requests, "the officers of the court shall issue and serve all process." 28 U.S.C. § 1915(d). Federal Rule of Civil Procedure 4(c)(3) further provides, "[a]t the plaintiff's request the court may order that service be made by a United States marshal or deputy marshal or by a person specially appointed by the court. The court must so order if the plaintiff is authorized to proceed [IFP]." Fed. R. Civ. P. 4(c)(3). *See Boudette v. Barnette*, 923 F.2d 754, 757 (9th Cir. 1991) ("[A]n IFP plaintiff must request service of the summons and complaint by court officers before the officers will be responsible for effecting such service.").

---

[1] Plaintiff may access those resources here: https://www.wawd.uscourts.gov/representing-yourself-pro-se; https://www.wawd.uscourts.gov/court-forms#Pro%20Se.

ORDER DISMISSING AMENDED COMPLAINT - 4

In this motion, Plaintiff asks the Court to order service of summons to all 10 defendants. Dkt. # 7 at 1.  Because this order dismisses Plaintiff's AC, it would be premature to instruct the court officers to issue and serve process.  And Plaintiff may intend to modify the group of defendants upon filing a Second Amended Complaint.  Plaintiff may renew such a motion upon filing a Second Amended Complaint that remedies the above deficiencies.

Based on the above, the Court ORDERS that:

1. Plaintiff's amended complaint is DISMISSED without prejudice.  Dkt. # 6.

2. Plaintiff is GRANTED leave to file a Second Amended Complaint by **no later than June 29, 2023**.

3. Plaintiff's motion requesting service is DENIED without prejudice.  Dkt. # 7.

Dated this 15th day of June, 2023.

John H. Chun
United States District Judge