1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| WALTER G. HAYDEN, JR.<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>CALI KNIGHT; GAIL STONE; MICHAEL PADILLA; CLAUDIA BALDUCCI; ROD DEMBOWSKI; ZAHILAY GIRMAY; AMY CALDERWOOD; LUKE OH; JONATHAN STIER; and BRUCE HARRELL<br><br>　　　　　Defendants. | CASE NO. 2:23-cv-00754-JHC<br><br>ORDER DISMISSING SECOND AMENDED COMPLAINT |

**I**

**INTRODUCTION**

This matter comes before the Court (1) on Plaintiff Walter G. Hayden, Jr.'s motion requesting service; and (2) to address, sua sponte, deficiencies in Plaintiff's Second Amended Complaint (SAC). *See* Dkt. ## 9–10.  Having reviewed Plaintiff's SAC, the remaining record, and the applicable law, the Court DISMISSES the SAC with prejudice and without leave to amend. Dkt. # 9.  The Court DENIES Plaintiff's motion requesting service as moot.

ORDER DISMISSING SECOND AMENDED COMPLAINT - 1

1

2

**II**

**BACKGROUND**

3

A.     The Parties

4

*Original Complaint.*  In his original complaint, Plaintiff sued 10 individuals.  Dkt. # 5 at

5

2–5.  Defendants Claudia Balducci, Rod Dembowski, and Girmay Zahilay are King County

6

councilmembers.  *Id.* at 3, 5.  Defendants Amy Calderwood, Luke Oh, Jonathan Stier are

7

employees of the King County Ombuds Office.  *Id.* at 4.  Defendants Cali Knight, Gail Stone,

8

and Michael Padilla are employees of the King County Executive Office.  *Id.* at 2, 5.  Defendant

9

Bruce Harrell is the Mayor of Seattle.  *Id.* at 4.

10

*SAC.*  The SAC does not name four individuals who were named in the original

11

complaint: Defendants Balducci, Dembowski, Calderwood, and Stier.  *See generally* Dkt. # 9.

12

Thus, these individuals are no longer parties to this action.  *See Hal Roach Studios, Inc. v.*

13

*Richard Feiner & Co.*, 896 F.2d 1542, 1546 (1989) ("The fact that a party was named in the

14

original complaint is irrelevant; an amended pleading supersedes the original."); *see also Brees*

15

*v. HMS Glob. Mar. Inc*., No. 3:18-cv-05691-RJB, 2019 WL 4261131, at *2 (W.D. Wash. Sept. 9,

16

2019) (holding that a defendant was no longer a party to the suit because the plaintiff "deleted

17

any mention" of the defendant in the second amended complaint).

18

B.     Summary of Plaintiff's Allegations

19

Although the SAC is not entirely clear, Plaintiff appears to allege as follows: Plaintiff

20

developed a proposal to create "Reconciliation Centers" throughout King County.  *See* Dkt. # 9

21

at 1, 5.  Plaintiff spoke to Knight about his proposal.  *Id.* at 2 ("I adamantly told Cali Knight that

22

my proposal was not to be broken up because I saw what happens when the fidelity of a model is

23

not kept.").  Knight then "arrang[ed] meetings" for Plaintiff to virtually meet with her colleagues

24

Padilla and Stone to discuss his ideas.  *Id.* (explaining that Knight scheduled meetings for Padilla

and Stone "to extract [m]y . . . [p]roposal information"). In August 2022, Plaintiff learned that Councilmember Zahilay sought to create "Crisis Care Centers" in King County, funded by a city tax levy. *Id.*

Plaintiff alleges that the Crisis Care Centers are modeled after his proposed Reconciliation Centers. *Id.* at 1–2. Plaintiff seems to say that it was his idea for the Department of Social and Health Services to "house" the Crisis Care Centers, and that he projected that the Crisis Care Centers would require $1.2 billion in funding over nine years, apparently the same amount of funding that the levy is expected to raise. *Id.* at 2–3. Plaintiff says that the King County Executive Office and King County councilmembers modeled the Crisis Care Centers after Plaintiff's proposal "without giving [Plaintiff] payment or rights." *Id.* at 2.

Plaintiff submitted an "ethics complaint" to the King County Ombuds Office.[1] *See id.* at 3. After a preliminary investigation, Deputy Ombudsman Luke Oh concluded that there were no grounds to further investigate the matter.[2] *Id.* Plaintiff contends the investigation "showed [Oh's] wrongdoing in pure bias and prejudice" because Oh allegedly "thr[ew] personal insults at" Plaintiff via email. *Id.* Separately, Plaintiff mailed his proposal to Mayor Harrell's office. *Id.* at 4. Plaintiff also mailed a "Letter of Approach" to Mayor Harrell's office, alleging that the "Command Centers" Mayor Harrell established in downtown Seattle were modeled after Plaintiff's proposal. *Id.* at 4, 6–7.

C.    Previous Action

This case is much like a case Plaintiff filed in this Court in November 2022. *See Hayden v. Knight*, No. 2:22-cv-01527-JHC, 2023 WL 2138345 (W.D. Wash. Feb. 21, 2023)

---

[1] The SAC does not further explain the contents of this ethics complaint. *See generally* Dkt. # 9.
[2] The SAC does not further describe Oh's investigation, nor the conclusions Oh reached. *See generally* Dkt. # 9.

ORDER DISMISSING SECOND AMENDED COMPLAINT - 3

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24

("*Hayden I*").  Both cases share the same 10 defendants, and the factual allegations concern the same set of meetings about Plaintiff's Reconciliation Center proposal, the same alleged similarities between Plaintiff's proposal and Councilmember Zahilay's Crisis Care Centers, and the same purportedly biased investigation by the King County Ombuds Office.  *Compare* Complaint, *Hayden I*, No. 2:22-cv-01527-JHC, *with* Dkt. ## 5–6, 9.  Additionally, the original complaints in both cases involve 42 U.S.C. § 1983 claims based on alleged violations of Article III, Section 2 and Article I, Section 8 of the U.S. Constitution.  *Compare* Complaint, *Hayden I*, No. 2:22-cv-01527-JHC, *with* Dkt. #5.

On February 21, 2023, this Court dismissed without prejudice Plaintiff's claims against the King County defendants—a group consisting of all defendants except for Mayor Harrell. *Hayden I*, 2023 WL 2138345, at *1.  The Court concluded that Plaintiff had not asserted a legally cognizable claim under section 1983.  *Id.*  The Court also noted that legislative immunity may protect the King County councilmembers, and that qualified immunity may protect the other King County defendants.  *Id.*

Plaintiff then filed five amendments to his original complaint.  *See generally* Dkt. ## 29–30, 32–34, *Hayden I*, No. 2:22-cv-01527-JHC.  On April 14, 2023, the Court dismissed without prejudice Plaintiff's claims against the King County defendants for failure to state cognizable legal claims against these defendants.  *See Hayden I*, No. 2:22-cv-01527-JHC, 2023 WL 2955279, at *1 (W.D. Wash. Apr. 14, 2023).  And on April 21, 2023, the Court dismissed without prejudice Plaintiff's claims against Mayor Harrell for lack of a viable cause of action. *Hayden I*, No. 2:22-cv-01527-JHC, 2023 WL 3045751, at *1 (W.D. Wash. Apr. 21, 2023) (explaining that "there is no section 1983 cause of action for a violation of Article I, Section 8, Article III, Section 1, or Article II, Section 2 of the United States Constitution").  In both April 2023 orders, the Court did not grant leave to amend.  *Id.*; *Hayden I*, 2023 WL 2955279, at *1.

1

2

D.      Procedural History

            On May 23, 2023, in this matter, Plaintiff, proceeding pro se and *in forma pauperis*

3    ("IFP"), filed his section 1983 complaint.  *See* Dkt. # 5.  The next day, Plaintiff filed an amended

4    complaint, again under section 1983.  Dkt. # 6.  As with the original complaint, Plaintiff alleged

5    the same 10 defendants as those named in the previous action violated his constitutional rights

6    under Article I, Section 8 and Article III, Section 2 of the U.S. Constitution.  *Id.* at 1.  Plaintiff

7    also alleged that the "malfeasance tort" was the basis of his claims.  *Id.*

8            On June 15, 2023, the Court dismissed the amended complaint because Plaintiff had not

9    included a short and plain statement of his claims, as required by Federal Rule of Civil Procedure

10   8(a).  Dkt. # 8.  The Court granted Plaintiff leave to file a SAC to remedy the amended

11   complaint's deficiencies.  *Id.* at 4.  On June 28, 2023, Plaintiff filed a SAC.  Dkt. # 9.  The SAC

12   does not allege any specific constitutional violations, but it continues to allege that Defendants

13   committed "malfeasance."  *See generally id.* (naming action "Second Amended Complaint –

14   Malfeasance Tort").

15                                                 **III**

16                                        **LEGAL STANDARDS**

17           A court may dismiss an action brought by a plaintiff proceeding IFP at any time if the

18   action "fails to state a claim on which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

19   The standard for dismissing a complaint for failure to state a claim under 28 U.S.C. §

20   1915(e)(2)(B)(ii) parallels that under Rule 12(b)(6).  *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th

21   Cir. 2000).  Under Rule 12(b)(6), "[a] complaint may be dismissed for failure to state a claim

22   only when it fails to state a cognizable legal theory or fails to allege sufficient factual support for

23   its legal theories."  *Caltex Plastics, Inc. v. Lockheed Martin Corp.*, 824 F.3d 1156, 1159 (9th Cir.

24   2016).  A complaint need not include "detailed factual allegations," but it must contain sufficient

allegations to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A claim is plausible when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Because Plaintiff proceeds pro se, the Court liberally construes his pleadings. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972).

## IV

### DISCUSSION

First, it is unclear whether Plaintiff's claims, as alleged in the SAC, are brought under section 1983. As noted above, the prior two versions of the complaint, *see* Dkt. ## 5–6, were each section 1983 actions, as were each version of the complaint brought in the previous action, *see* Dkt. ## 4, 29, 30, 32–34, *Hayden I*, No. 2:22-cv-01527-JHC. But the SAC does not mention section 1983. *See* Dkt. # 9. The SAC does resemble the prior two complaints; the factual allegations are unchanged, and the basis for the claims appears to be the "malfeasance tort." *Compare* Dkt. # 9, *with* Dkt. ## 5, 6.

In liberally construing Plaintiff's pleading, and given Plaintiff's past reliance on section 1983 for his causes of action, the Court analyzes the claims alleged in the SAC as either brought under (1) section 1983's framework or (2) the "malfeasance tort." Either way, the outcome is the same: Plaintiff's SAC is subject to dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii).

A.      Section 1983

To state a claim for relief under section 1983, a plaintiff must show: (1) they suffered a violation of a right protected by the United States Constitution or created by federal statute, and (2) the violation was proximately caused by a person acting under color of state law. *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). Section 1983 is not itself a source of

substantive rights; it merely allows a plaintiff to enforce federal rights conferred by some other federal statute or the U.S. Constitution. *Baker v. McCollan*, 443 U.S. 137, 144 n. 3 (1979).

The SAC does not mention a violation of Plaintiff's rights protected by the Constitution or created by federal statute. *See generally* Dkt. # 9. Plaintiff seemingly states that the "Malfeasance Tort" is the basis of his claim. *See id.* at 1. But "[o]nly federal rights, privileges, or immunities are protected by [section 1983]. Violations of state law alone are insufficient." *Ybarra v. Bastian*, 647 F.2d 891, 892 (9th Cir. 1981); *see also Gilbert v. Martinson*, No. C20-5262 BHS, 2020 WL 7890815, at *3 (W.D. Wash. November 25, 2020) (finding no viable section 1983 claim when the plaintiff to identify the violation of any federally protected rights). Even if Plaintiff's allegations are true, Plaintiff cannot show that federally protected statutory or constitutional right was violated. Plaintiff fails to state a cognizable legal theory under section 1983.[3]

---

[3] Defendants are also likely immune from Plaintiff's claims, if brought under section 1983. Councilmember Zahilay is likely protected from suit by legislative immunity. Local legislators are absolutely immune from a section 1983 suit arising out of their legislative activities. *See Bogan v. Scott-Harris*, 523 U.S. 44, 49 (1998) (reasoning that extending legislative immunity to local legislators reflected common law tradition, protected legislative discretion, and avoided deterring service in local government). An act is legislative if: (1) it involves the formulation of policy rather than ad-hoc decision-making; (2) it applies to the public at large rather than to a few individuals; (3) the act is formally legislative in character; and (4) the act bears all the hallmarks of traditional legislation. *Schmidt v. Contra Costa Cnty.*, 693 F.3d 1122, 1135 (9th Cir. 2012). An act is formally legislative in character if a decision was made by voting. *Id.* at 1137. A hallmark of traditional legislation includes policymaking that impacts budgetary priorities and the provision of public services. *Id.* In this case, Councilmember Zahilay's act of proposing countywide Crisis Care Centers likely was legislative: (1) it appears to involve the formulation of a particular policy; (2) it would apply to the public at large; (3) it was likely formally legislative as it would be funded by a tax levy, requiring voting from members of the public; and (4) the act has the hallmarks of traditional legislation because creating Crisis Care Centers, if passed, would impact budgetary priorities and expand public services.

Further, the remaining five Defendants—four King County employees and Mayor Harrell—are likely entitled to qualified immunity. Qualified immunity protects government officials from personal liability for civil damages, unless a plaintiff pleads facts showing (1) that the official violated a statutory or constitutional rights, and (2) that the right was established at the time of the challenged conduct. *Wood v. Moss*, 572 U.S. 744, 745 (2014). A statutory or constitutional right refers only to federal law, not state law. *Martinez v. California*, 44 U.S. 277, 284 n. 8 (1980). Because Plaintiff identifies no act committed by these five defendants that violated a federal statute or the United States Constitution, *see generally* Dkt. # 9, qualified immunity likely protects these government officials from liability.

ORDER DISMISSING SECOND AMENDED COMPLAINT - 7

1

2      B.      Malfeasance Tort

3              Construing the SAC as alleging a "malfeasance tort" claim, Plaintiff fails to state a claim

4      because there is no cognizable malfeasance cause of action in Washington for private citizen

5      plaintiffs against public officers.  In the alternative, had Plaintiff alleged a cognizable

6      malfeasance claim, the Court would decline to exercise supplemental jurisdiction over such a

7      claim.

8              Directly above Plaintiff's jurisdictional statement, the SAC states, "Malfeasance Tort."

9      *Id.*  Plaintiff provides no further information.[4]  *Id.*  In Washington, "[m]alfeasance generally

10     refers to the commission of an unlawful act by a public official."  *Hoflin v. City of Ocean Shores*,

11     121 Wash. 2d 113, 134, 847 P.2d 428 (1993). But Plaintiff cites no authority, nor has the Court

12     located any, providing a private right of action against public officers for malfeasance.  Plaintiff

13     fails to state a claim because there is no cognizable legal theory for him to bring a malfeasance

14     claim.[5]

15

16     _____

17          [4] The SAC contains only one other reference to malfeasance: "Still, this personal professional
       accomplishment came at a higher personal cost of severe mental and emotional damages, trauma and
       distress, personal separation, and darkness of suffering and hurt caused by this Malfeasance financial,

18     emotional and mental, and physical damage." Dkt. # 9 at 7.
            [5] "[W]here a district court has dismissed all claims over which it has original jurisdiction, it may

19     sua sponte decline to exercise supplemental jurisdiction over remaining state law claims." *Sikhs for
       Justice "SFJ", Inc. v. Facebook, Inc.*, 144 F. Supp. 3d 1088, 1096 (N.D. Cal. 2015) (quotation omitted).
       And "[a] district court's decision whether to exercise that jurisdiction after dismissing every claim over

20     which it had original jurisdiction is purely discretionary." *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S.
       635, 639 (2009).  Moreover, "in the usual case in which all federal-law claims are eliminated before trial,
       the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy,

21     convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the
       remaining state-law claims." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988).  *See*

22     *Sanford v. MemberWorks, Inc.*, 625 F.3d 550, 561 (9th Cir. 2010) (affirming the district court's dismissal
       of state-law claims once all federal-law claims were dismissed).  As noted above, Plaintiff has failed to
       state a cognizable section 1983 claim.  With no viable federal claim left, in the interest of comity, even if

23     Plaintiff had stated a claim for malfeasance, the Court would not exercise supplemental jurisdiction over
       it.

24

ORDER DISMISSING SECOND AMENDED COMPLAINT - 8

C.      Leave to Amend

"The law is clear that before a district court may dismiss a pro se complaint for failure to state a claim, the court must provide the pro se litigant with notice of the deficiencies of [their] complaint and an opportunity to amend the complaint prior to dismissal." *McGuckin v. Smith*, 974 F.2d 1050, 1055 (9th Cir. 1992), *overruled on other grounds by WMX Techs., Inc. v. Miller*, 104 F.3d 1133 (9th Cir. 1997).  But a court may decline to grant leave to amend if it determines that such amendment would be futile; that is, if it "determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986).  "Leave to amend may also be denied for repeated failure to cure deficiencies by previous amendment." *Abagninin v. AMVAC Chem. Corp.*, 545 F.3d 733, 742 (9th Cir. 2008).  *See McConnachie v. Washington State Dep't of Soc. & Health Servs.*, No. 2:21-CV-00181-SMJ, 2022 WL 2073040, at *1 (E.D. Wash. May 2, 2022) (dismissing the plaintiff's second amended complaint with prejudice for failure to cure the deficiencies the district court identified in the first amended complaint).

Granting leave to amend would be futile because of Plaintiff's repeated failures, both in this case and the previous action, to identify a cognizable legal theory for his claims.  In its order dismissing Plaintiff's amended complaint, the Court granted Plaintiff leave to amend.  *See* Dkt. # 8 at 5.  The Court detailed the complaint's deficiencies, *id.* at 1–3, and how Plaintiff could remedy those deficiencies, *id.* at 3–4.  Still, the SAC does not explain how Defendants violated Plaintiff's *federal* rights.  *See generally* Dkt. # 9.  Instead, Plaintiff seems to summarize facts that he believes support a state-law malfeasance claim.  *Id.*  Additionally, the remaining six Defendants are likely immune from Plaintiff's claims either under legislative or qualified immunity.  *See supra* § IV.A.  This is also Plaintiff's second action before the undersigned involving nearly identical allegations.  In the previous action, Plaintiff alleged mostly the same

facts over the same purported efforts to steal Plaintiff's Reconciliation Center proposal.  *See generally Hayden I*, 2023 WL 2138345.  The only apparent difference is that Plaintiff changed the basis of his claims from two inapplicable constitutional provisions to the "malfeasance tort."  *Compare* Complaint, *Hayden I*, No. 2:22-cv-01527-JHC, *with* Dkt. # 9 at 1.  The Court declines to grant leave to amend because of Plaintiff's "repeated failure[s] to cure deficiencies by previous amendment."  *Abagninin*, 545 F.3d at 742.

## IV

### CONCLUSION

For the above reasons, the Court DISMISSES Plaintiff's SAC with prejudice and without leave to amend.  Dkt. # 9.  Plaintiff's motion requesting service is DENIED as moot.  Dkt. # 10.

Dated this 21st day of July, 2023.

John H. Chun
United States District Judge